IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

GIB'S DISTRIBUTION LLC,

       Plaintiff,

v.

MAN STUFF, INC.,

       Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Gib's Distribution LLC, dba Gib's Grooming ("Gib's"), through its attorneys, brings this action for declaratory relief against Defendant Man Stuff, Inc. ("Man Stuff"), and alleges as follows:

### NATURE OF ACTION

1. Plaintiff Gib's seeks a declaratory judgment of non-infringement of alleged trademark rights asserted against Gib's by Defendant Man Stuff.

2. Man Stuff has alleged that Gib's is infringing Man Stuff's trademark rights in connection with the sale and advertising of certain health and beauty products targeted to male consumers. Gib's denies infringement.

### PARTIES

3. Plaintiff Gib's is a corporation formed under the laws of the State of Colorado with its principal place of business at 116 N. College Avenue, Suite 10, Fort

Collins, CO 80524. Gib's is a leader in creating health and beauty products targeted to male consumers, including beard and mustache grooming and shaving products.

4. Upon information and belief, Defendant Man Stuff is a corporation formed under the laws of the State of Delaware with its principal place of business at 19895 Franconia Trail, Shafer, MN 55074.  Upon information and belief, Defendant Man Stuff is the successor in interest to Young Distribution, Inc., which was a corporation formed under the laws of the State of Minnesota with its former principal place of business at 19895 Franconia Trail, Shafer, MN 55074.

## JURISDICTION AND VENUE

5. Plaintiff Gib's brings this civil action for declaratory judgment pursuant to: (i) the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq.; (ii) 15 U.S.C. § 1125 et seq.; and (iii) the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.  Venue is proper in this district under 28 U.S.C. §§ 1391.

6. Defendant Man Stuff is a global manufacturer and distributor of health and beauty products.  Upon information and belief, Man Stuff has continuous and systematic general business contacts with the State of Colorado.  It operates a fully interactive website (www.manlotion.com) from which it conducts business, offers for sale, and sells products in this district.  Its products are offered for sale in Colorado through numerous other physical and online retail outlets, including but not limited to www.drugstore.com, Frenchie's Modern Nail Care, and Walker Pharmacy.  In addition, Man Stuff directed its false assertions of infringement of alleged trademarks to Gib's in the State of Colorado and the effect of Man Stuff's action is felt by Gib's in Colorado.  Gib's sells its accused

products in Colorado. Thus, this Court has both general and specific personal jurisdiction over Defendant Man Stuff.

## FACTUAL BACKGROUND

7. Plaintiff Gib's incorporates by reference each and every allegation in the preceding paragraphs.

8. Gib's is a Colorado business located in the Fort Collins, Colorado, area. Gib's sells health and beauty products targeted to male consumers, including beard and mustache grooming and shaving products.

9. Gib's uses the term "man wash" in connection with the sale and promotion of beard, hair, and body wash for male consumers.

10. Man Stuff is a manufacturer and seller of health and beauty products targeted to male consumers.

11. Gib's and Man Stuff are competitors.

12. In a letter dated September 21, 2015 (attached as Exhibit A and incorporated by reference and referred to hereinafter as "Demand Letter"), Defendant Man Stuff accused Plaintiff Gib's of infringing its alleged trademark Man Wash and design (subject of U.S. Registration No. 3,852,779) by using the term "MAN WASH BHB" in connection with beard, hair, and body wash for men. In the Demand Letter, Man Stuff's demands included that Gib's: (i) "revisit [its] decision to utilize the MAN WASH trademark in connection with [its] product offering(s);" (ii) "select another mark which is not confusingly similar to the MAN WASH mark;" (iii) "immediately cease all use and all further use of MAN WASH or variations thereof, including but not limited to in connection with [Gib's] product offering(s) whether current or future;" and (iv) "agree not to assist or induce any other person or entity to engage in such conduct."

13.   Man Stuff's actions have placed a cloud over Plaintiff's business. Man Stuff's demands of Gib's would result in injuries to Gib's in excess of $75,000.

14.   The term "man wash" by itself when used in connection with beard, hair and body wash is generic or descriptive.

15.   Gib's use of the term "Man Wash BHB" is not confusingly similar to any valid trademark rights owned by Man Stuff, including U.S. Registration No. 3,852,779. Gib's use of the terms "man wash" and "Man Wash BHB" in connection with beard and mustache grooming and shaving products does not infringe any valid trademark rights owned by Man Stuff, including U.S. Registration No. 3,852,779.

16.   There presently exists a justiciable controversy regarding Gib's rights to use, offer for sale, sell, or advertise its health and beauty products, including its beard, hair, and body wash product for men, free from any allegation that such conduct constitutes infringement of any trademark rights allegedly owned by Man Stuff.

## FIRST CAUSE OF ACTION
**(Declaration of Non-Infringement under Federal and State Law)**

17.   Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

18.   This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq., 15 USC § 1125 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Defendant Man Stuff's demands against Plaintiff Gib's, including Man Stuff's demand that Gib's immediately cease and desist use of the term "man wash" in connection with the sale of Plaintiff's beard, hair, and body wash product for men, created an actual justiciable controversy in that it created a substantial controversy, between parties claiming adverse legal interests, of sufficient

immediacy and reality to warrant the issuance of declaratory judgment.  As such, Plaintiff Gib's seeks relief from this Court.

19. Plaintiff Gib's is entitled to declaratory judgment that when used in connection with beauty products, including beard, hair and body wash, the term "man wash" is generic or descriptive.

20. Plaintiff Gib's is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark owned by Man Stuff, including U.S. Registration No. 3,852,779, either directly or indirectly, including through the use of the terms "man wash" and "Man Wash BHB," in connection with the sale of Plaintiff's beard, hair, and body wash for men.

21. Plaintiff Gib's is entitled to declaratory judgment that it is has not engaged in unfair competition under federal law, including 15 USC § 1125 et seq., or under state law, including C.R.S. § 6-1-101 et seq. either directly or indirectly, including through the use of the terms "man wash" and "Man Wash BHB," in connection with the sale of Plaintiff's beard, hair, and body wash for men.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Plaintiff Gib's has not infringed any valid, distinctive, and enforceable trademark owned by Defendant Man Stuff relating to the sale of Plaintiff's health and beauty products;

B.   Declaring that Plaintiff Gib's has not engaged in unfair competition with Defendant Man Stuff relating to the sale of Plaintiff's health and beauty products;

C.   Declaring that when used in connection with beauty products, including beard, hair and body wash, the term "man wash" is generic or descriptive;

D.   Awarding Plaintiff Gib's attorneys' fees, costs, and expenses incurred in connection with this action; and

E.   Awarding Plaintiff Gib's such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Gib's demands a trial by jury on all issues so triable.

Dated:  October 6, 2015          Respectfully submitted:

*s/Ian L. Saffer*
Ian L. Saffer
Daniel S. Young
Swanson & Bratschun, LLC
8210 Southpark Terrace
Littleton, CO 80120
(303) 268-0066
(303) 268-0065 (facsimile)
ISaffer@sbiplaw.com
DYoung@sbiplaw.com

*Attorneys for Plaintiff Gib's Distribution LLC*