IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-02209-JLK

GIB'S DISTRIBUTION LLC,

   Plaintiff,

v.

MAN STUFF, INC.,

   Defendant.

## STIPULATED PROTECTIVE ORDER REGARDING E-DISCOVERY

In conformance with the stipulation between Plaintiff and Defendant, and good cause appearing, IT IS HEREBY ORDERED that:

1. This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines Addressing the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. This order may be modified in the court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

      **A.**     **General Document Image Format**.  Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format.  TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

      **B.**     **Text-Searchable Documents**. No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

      **C.**     **Native Files**.  The Parties agree to produce Excel and PowerPoint files, as well as any financial records, *e.g.*, QuickBook records, natively to ensure all functionality of the files are maintain and for ease of review.

      **D.**     **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

5.     Absent agreement of the parties or further order of this court, the following parameters shall apply the production of metadata:

      **A.**     **For standard files,** the following categories of metadata should be preserved and produced: (1) Filename; (2) File Extension; (3) File Size; (4) Page Count; (5) Date Last Modified; (6) Time Last Modified; (7) Date Created; (8) Time Created; (9) Original Folder Path; (10) Author; (11) Custodian; (12) Custodians All Field; and (13) any Hidden Content Fields.

**B.** **For email files**, the following categories of metadata should be preserved and produced: (1) From; (2) To; (3) CC; (4) BCC; (5) Sent Date; (6) Sent Time; (7) Email Subject; (8) Conversation Index; and (9) Conversation Group fields.

6. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

7. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

8. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

IT IS ORDERED that the Stipulated Motion for entry of Protective Order (Doc. 24) is GRANTED.

Date: January 27, 2016            BY THE COURT:

_____
JOHN L. KANE
Senior U.S. District Court Judge