IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 1:15-cv-02209-JLK

GIB'S DISTRIBUTION LLC,

    Plaintiff,

v.

MAN STUFF, INC.

    Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

**Kane, J.**

    Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Proprietary Information and/or Attorneys' Eyes Only information (as defined in paragraph 2 below) (collectively, "Confidential Information"). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Proprietary Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing: personal or business information, or any other matter that would put the producing party at a competitive disadvantage if the information became known to third parties.

3. "Attorneys' Eyes Only Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing: trade secret information or other confidential research, product or service development, financial information, including but not limited to revenues, costs, pricing, and customer information, or any other commercial information subject to protection under Fed. R. Civ. P. 26(c)(l)(G) and the disclosure of such information other than provided for by this Order for "Attorneys' Eyes Only" information would materially affect the business, financial or commercial interests of the party producing, such as (by way of example but not limitation) information regarding the finances of the producing party or the identity of the producing party's customers and sales agents.

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Proprietary" or "Attorneys' Eyes Only" on the first page or cover of any document produced;

    b. By imprinting the word "Proprietary" or "Attorneys' Eyes Only" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Proprietary" and/or "Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

  a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

  b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6. Documents and electronically stored information or interrogatories or transcripts designated "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports pertaining thereto, may be made available only to the following:

 a. Outside counsel for the receiving party, including but not limited to any attorneys, staff, or paralegals employed by counsel of record for the receiving party.

 b. Judges, Magistrate Judges, law clerks and other personnel of this Court ("the Court"), and any federal or state governmental agency that formally requests such information;

 c. independent experts not employed by any party who have been specifically retained by a party to give expert testimony or otherwise assist in the preparation of an action for trial;

    d. court reporters or stenographers engaged to record deposition testimony, and their employees;

    e. persons who authored the document or to whom the document or a copy thereof was previously provided by the producing party, or who received it in the ordinary course of business;

    f. the parties' insurers, but only to the extent necessary to evaluate coverage under an existing insurance policy; and

    g. such other persons as hereafter may be authorized by the Court upon motion of either party, or upon stipulation of all parties.

7. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then

counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have the designation of the designating party from the time it is produced until the ruling by the Court on the motion.

13. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to

protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return or destroy all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 8 herein. Outside counsel of record shall have the right, subject to the terms hereof, to retain (1) one copy of all materials for their internal records, and (2) their work-product including email.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18. The inadvertent production of any document, electronically stored information, material or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or protected from discovery as

work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure. This Order is expressly made pursuant to Federal Rule of Evidence 502(d), and any such disclosure by the parties does not waive any privilege or immunity by such inadvertent production. Upon discovery of such inadvertent production, a producing party may notify the receiving party and request the return or destruction of any such document or information, as well as any and all copies which may have been made by the receiving party. The receiving party shall comply with the producing party's request within three (3) business days.

Dated at Denver, Colorado, this 25th day of February, 2016.

BY THE COURT:

*John L. Kane*
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

**STIPULATED AND AGREED TO:**

*s/Ian L. Saffer*
Ian L. Saffer
*Attorney for Plaintiff Gib's Distribution LLC*

*s/Gina Durham*
Gina Durham
*Attorney for Defendant Man Stuff, Inc.*

7

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO    )
                     )  ss.
COUNTY OF_____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Gib's Distribution LLC v. Man Stuff, Inc.*, a copy of which is attached to this Affidavit.

2. I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (___)_____

SUBSCRIBED AND SWORN to before me this * day of *, 2016, by _____.

WITNESS my hand and official seal.

                                                                        _____
                                                                        Notary Public

[S E A L]

                                                                        My Commission Expires: _____